■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND E. NIEPOTH, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered March 10, 1976, upon a verdict convicting defendant of the crime of burglary in the second degree. As the result of an incident shortly after midnight on November 1, 1975 at the Wayside Inn on Route 29 in Fulton County, defendant was convicted of burglary in the second degree, a class C felony. The inn is a two-story structure whose ground floor consists of a barroom, a dining room, an office and rest rooms and is operated as a restaurant and bar business and whose second floor consists of four bedrooms, a living room, and a bathroom and is occupied by the Bosworth family, the proprietors of the inn, as their place of residence. According to the indictment, the burglary occurred when defendant knowingly and unlawfully entered and remained in the Bosworth's upstairs apartment during the nighttime with the intent to commit larceny therein, and following a jury trial, defendant was convicted and sentenced to an

indeterminate term of imprisonment not to exceed four years. On this appeal, defendant's central contention is that the People failed to prove all of the necessary elements of the crime of burglary in the second degree, but we find his argument to be without merit. Insofar as is pertinent, section 140.25 of the Penal Law provides that: "A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when: * * * 2. The building is a dwelling and the entering or remaining occurs at night." Here, although defendant maintains that he was an invitee of the Bosworths at the inn on the night in question, this only warranted his presence in the ground floor business area of the building. With regard to the upstairs apartment, which he could have reached only by climbing an unlighted stairway and passing through doors that were closed at the top and the bottom thereof, this area was not open to the public (see Penal Law, § 140.00, subd 5), but was plainly a "separately secured or occupied" unit wherein he was not an invitee (Penal Law, § 140.00, subd 2). Moreover, from the record it is likewise clear that the apartment was the Bosworth's dwelling (Penal Law, § 140.00, subd 3) into which, according to the testimony of two eyewitnesses, defendant made his entry at night. As to whether defendant entered or remained in the second floor premises with the intent to commit a crime therein, we reach a similar conclusion. The evidence indicates that, after reaching the apartment via the unlighted stairway as noted above, defendant entered what was obviously living quarters, proceeded to rummage through one bedroom, and then halted his entry into a second bedroom only upon discovering that it was already occupied. Such being the case, we find that the jury could properly infer from the circumstances that defendant possessed the requisite criminal intent (see *People v Terry,* 43 AD2d 875). Defendant's remaining contentions are also without merit. His identification by two eyewitnesses was positive and absolute, and an allegedly prejudicial photograph was received into evidence only when defendant joined in the People's motion for that purpose. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.