**Ronnie Eugene WILLIAMS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–81–668CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 30, 1982.

Cathy Greene, Houston, for appellant.

Roberto Gutierrez, Norma Davenport, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

ROBERTSON, Justice.

This is an appeal from the trial court's order revoking probation in each of the above trial cause numbers. Following a plea of guilty to the offenses of theft (in the first cause number) and burglary (in the other two cause numbers) and a pre-sentence investigation, the trial court assessed punishment at ten years confinement, probated. Less than three months later a motion to revoke probation was filed in each case alleging burglary of a building. Appellant challenges the sufficiency of the evidence to prove the structure allegedly entered was a building within the statutory definition. We affirm.

■ This is a poorly developed record, but from it we are able to find that the Colony Creek Apartment Project was owned by Swifco, Inc. For some reason, the apartments were no longer inhabited (if they ever were). The project was being managed by Greenway Management which had contracted with four people to live on the property and "watch over" it. On the afternoon of the day in question, one of these caretakers heard noises coming from one of the vacant apartments, and he and another caretaker investigated to find appellant and another person "salvaging copper tubing." Appellant was apparently just outside one of the apartments and his com-

panion was inside "one of the apartments hiding in a closet." Upon being asked by appellant what they were doing, the caretakers responded they were doing "pretty much the same thing you are." Appellant inquired whether they had taken some copper placed outside the apartments, and the caretakers responded in the negative. The caretakers then returned and called the police. When the police arrived, appellant and his companion fled, but they were arrested shortly thereafter and were returned to the scene. On cross-examination, appellant admitted he had been in the apartment and was there for the purpose of getting the copper which he was going to sell.

Pointing to the evidence that some of the apartments were without doors in that they had "been broke out" and citing *Day v. State,* 534 S.W.2d 681 (Tex.Cr.App.1976), appellant argues that the building merely became a "structure" and, absent testimony proving the apartment was a "building within the definition of the burglary statute," the evidence is insufficient to prove even by a preponderance of the evidence the violation of the terms of probation. We do not agree. While the testimony is silent as to the condition of the door to the apartment appellant was admittably in, we do not consider this narrow issue to be controlling. It is clear to us, as it apparently was to the trial court, that this apartment was a "building" within the meaning of the burglary statute. Even if the evidence was insufficient to show burglary, the evidence is sufficient to prove criminal trespass. *Roberson v. State,* 549 S.W.2d 749 (Tex.Cr.App.1977). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends he has been denied credit for time allegedly spent in jail. There is nothing in the record to substantiate his claim, and we are therefore unable to pass upon it. Appellant must address his complaint to the trial court.

The judgment is affirmed.