IN RE JOHNSON, AN ALLEGED DELINQUENT MINOR.

(No. 83AP-17—Decided November 18, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Gary Spartis,* for appellee.

*Mr. James Kura,* county public defender, and *Ms. Gloria Eyerly,* for appellant.

STRAUSBAUGH, J. This is an appeal by defendant-appellant, Wymen Johnson, from the order of the Court of Common Pleas of Franklin County, Division of

Domestic Relations, Juvenile Division, accepting the finding and recommendation of the referee, finding defendant guilty of breaking and entering, and placing defendant on official probation for a period of six months.

Defendant sets forth a single assignment of error:

"The Juvenile Court erred in finding Wymen Johnson to be a delinquent minor."

Defendant was alleged to be a delinquent minor, age seventeen, in that he committed the offense of breaking and entering in violation of R.C. 2911.13(A) and that he "by force or stealth, trespassed in an unoccupied structure, to-wit; Linden-McKinley High School, 1320 Duxberry Avenue, Columbus, Ohio, belonging to the Columbus Board of Education, with purpose to commit a theft offense or any felony."

The record indicates that, on October 6, 1981, Karen Zalac, an activities coordinator at Linden-McKinley High School, locked her office and left it for approximately five to seven minutes; that, when she returned to the office, she discovered one of the locked doors had been forcefully opened, the door had been broken and there were pieces of wood lying on the floor. Vice Principal Leon McLaughlin found the defendant hiding behind the curtains of the stage adjoining Zalac's office. Candy, cheese crackers, a yearbook and a tape recorder were found at the spot where defendant had been hiding, which items had been taken from Zalac's office. Initially, defendant denied any participation but later admitted that his original story was a lie and that he actually had committed the offense.

R.C. 2911.13 provides, in part:

"(A) No person[,] by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense * * * or any felony."

As the Committee Comment to R.C. 2911.11 points out, the primary distinction between the three breaking and entering offenses set forth in R.C. 2911.11 through 2911.13 is the relative potential for harm to persons. Whether the structure is occupied or unoccupied only aids in assessing the relative potential for harm to persons. R.C. 2911.13 presents the least potential for harm and, therefore, carries the least penalty.

Defendant argues that Zalac's office was not an unoccupied structure since the legislature has not defined the term and the regular meaning of the term applies only to the structure, not a portion thereof. The phrase in this section which must be examined is "trespass in an unoccupied structure." There is no distinction between trespassing from the outside of the structure and trespassing from within the structure from a permitted area into a locked prohibited area. A person who gains lawful entry into a part of a structure can trespass in another part of the structure he is authorized to be in, which constitutes a trespass in a structure. Whether the trespass commences from within or without the structure makes no difference for purposes of R.C. 2911.13.

Furthermore, in *State* v. *Carroll* (1980), 62 Ohio St. 2d 313 [16 O.O.3d 359], the issue before the Supreme Court was whether a Volkswagen bus was an "unoccupied structure" within the meaning of R.C. 2911.13. The Supreme Court noted that "unoccupied structure" is not defined in the Revised Code. However, the court held that a Volkswagen bus was not included within the term "unoccupied structure" according to the rules of common construction and by referring to the definition of "occupied structure" in R.C. 2909.01. By referring to R.C. 2909.01, we find defendant's argument not to be well-taken within the meaning of the breaking and entering statute and that an "unoccupied structure" includes any portion of an unoccupied structure.

We conclude that a person cannot trespass a separate portion of an unoccupied structure in a certain manner with

a requisite criminal intent without violating R.C. 2911.13. See 28 Ohio Jurisprudence 3d 475, Criminal Law, Section 1943. Applied to the facts of the instant case, Johnson's trespass into Zalac's personal locked office, which was located in a portion of the unoccupied structure separated by a locked entrance, constituted a violation of R.C. 2911.13.

Defendant further argues that the complaint was defective in that the state did not prove all of the elements of the complaint. We find this argument to be likewise not well-taken. The complaint herein alleged in ordinary and concise language the essential facts which constituted the offense charged and sets forth the statute that was alleged to have been violated. The defendant was, therefore, given sufficient information necessary to apprise him of the charge against him. Furthermore, there was more than sufficient evidence to sustain the finding of the trial court that the defendant was guilty of the charge of breaking and entering. Defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.