■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK PRINGLE, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered January 27, 1982, convicting him of burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The primary issue in the case at bar is whether a nurse's station within a prison, wherein, *inter alia,* medicines are stored and dispensed to inmates, is a "building" within the purview of subdivision 2 of section 140.00 of the Penal Law, which defines building thusly: "2. 'Building' in addition to its ordinary meaning, includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an enclosed motor truck, or an enclosed motor truck trailer. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building." The nurse's station in question is located on the fifth floor of Building 21A at the Fishkill Correctional Facility. It is a separately secured enclosed structure with one door providing access to its interior from the fifth-floor lobby of the main building. The door is always kept locked because controlled substances are stored in the station. Only authorized personnel are allowed inside the structure. In the late afternoon on November 15, 1980, defendant, then an inmate at the Fishkill facility, entered the nurse's station without authorization. He gained entry by climbing through a window which could be opened to dispense medications to the inmates. As he climbed through the window, defendant was confronted by the duty nurse. He grabbed her around the neck with both hands and began choking her. He kicked her numerous times in the back and finally exited back through the window. We conclude that the nurse's station falls within the statutory definition of a "building", and defendant's unlawful entry into that structure, wherein he assaulted and injured the duty nurse, constitutes burglary in the second

degree (Penal Law, § 140.25, subd 1, par [b]). Defendant's reliance on *People v O'Keefe* (80 AD2d 923) for the proposition that our conclusion herein would result in a strained interpretation of the statutory definition is misplaced. *People v O'Keefe* (*supra*) involved a locked meter closet which was not a building according to the ordinary meaning of the term, and was not a separate structure with an independent existence, apart from the main building (cf. Penal Law, § 140.00, subd 2; *People v Niepoth*, 55 AD2d 970). In contrast, the nurse's station constitutes an independent unit with its own secure entrance. It was obviously designed to keep unauthorized persons away from the stored medicines, to provide an essential work area, and to protect the nursing staff. Accordingly, we find it should be deemed both a separate building in itself, and a part of the main building (Penal Law, § 140.00, subd 2). We have considered defendant's remaining contentions and find that they have no merit. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.