OPINION OF THE COURT
Michael R. Juviler, J.
This is a motion for a trial order of dismissal, dismissing the first count of the indictment, which alleges attempted burglary in the second degree. Pursuant to CPL 290.10 (subd 1), the court reserved decision on the motion until after the verdict of the jury, to preserve the People’s right to appeal and to permit appellate review of the legal issue. The jury convicted the defendant of the highest charge submitted to it under the first count, attempted burglary in the third degree; criminal mischief in the fourth degree; and possession of burglar’s tools. The legal issue therefore survives and must be addressed. Not only is the issue of some interest as an aspect of the law of burglary, but it is important to the parties. The outcome determines whether the defendant is a misdemeanant or a second felony offender.
The issue is whether the trial evidence was legally sufficient to establish the element of the crime of attempted burglary in the third degree that the place the defendant attempted to enter, a maintenance room entered from an inside hallway, was a “building”. The court finds that it was not, for the reasons stated later in this opinion. *10 Nevertheless, the court is not authorized to issue a trial order of dismissal if the trial evidence was legally sufficient to establish a lesser included offense. (CPL 290.10, subd 1.) The trial evidence was legally sufficient to establish the lesser included offense of attempted trespass, which requires merely proof of an attempt to enter a “premises”, a term meaning any real property, including part of a building (Penal Law, § 140.00, subd 1); the court therefore must deny the motion for a trial order of dismissal.
The defendant has also moved, however, to set aside the verdict. The court is empowered to set aside or modify the verdict of guilty of attempted burglary in the third degree upon any ground appearing in the record which, if raised upon an appeal from a judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court. (CPL 330.30, subd 1.) Accordingly, I modify the verdict on the first count to reduce it to a verdict of guilty of attempted trespass.
The issue of law regarding the meaning of the term “building” in the definition of burglary has arisen in this case through an error which caused the wrong charge to be returned by the Grand Jury in the first count. As the trial prosecutor with admirable professionalism conceded, the first count of the indictment mistakenly charged the defendant with having “attempted” to enter the “dwelling” of the complainant, George Greenidge. This charge was based on evidence that the defendant attempted to break through a locked door on the second-floor hallway of 1036 Bedford Avenue, a three-family house owned by Mr. Greenidge. The complainant did not testify before the Grand Jury. The language of the count, the testimony before the Grand Jury, the Assistant District Attorney’s charge to the Grand Jury, and the District Attorney’s response to the defendant’s omnibus pretrial motion establish that the charge was based on the mistaken conclusion that the area beyond the locked door was an apartment, hence a “dwelling”, and that the defendant’s crime consisted of attempting to break into this “second floor apartment”.
The evidence at the trial, however, established that it was one room, described by Greenidge at trial as a mainte *11 nance room, about 10 by 12 or 8 by 12 feet in size, containing tools and materials used in his maintenance of 1036 Bedford Avenue. The complainant described the building 1036 Bedford Avenue as a three-family dwelling house with a store on the first floor. On the second floor across the hall from the locked door in question was an occupied apartment. Greenidge testified that he did not know the defendant or give him permission to enter 1036 Bedford Avenue or the maintenance room, or to damage the door and lock to that room. No doubt, if the Grand Jury had been aware of the facts, the indictment would have alleged burglary in the second degree for entering the “dwelling” 1036 Bedford Avenue with intent to commit a crime (see Quinn v People, 71 NY 561), or burglary in the third degree, for entering the “building” 1036 Bedford Avenue with intent to commit a crime, instead of attempted burglary in the second degree, for attempting to enter the “dwelling” on the second floor of the house. But the trial court was not empowered to change the conceded theory of the indictment by substituting the entire building for the maintenance room as the subject to the alleged attempted burglary, or by substituting a completed crime for the attempt. The nature of the subject premises and the defendant’s conduct as an attempt to enter it are elements of the crime, and once charged by the Grand Jury may not be changed by the trial court. (People v Spann, 56 NY2d 469.)
As the People conceded, because the maintenance room was not an apartment “dwelling”, the highest charge under the first count that arguably could be submitted to the jury was attempted burglary in the third degree, as an attempt to enter a “building”, consisting of the maintenance room. The jury found the defendant guilty of that charge, but the trial evidence was not legally sufficient to establish that the room was a “building”.
“Building” is defined in subdivision 2 of section 140.00 of the Penal Law as follows: “ ‘Building,’ in addition to its ordinary meaning, includes any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business therein, or used as an elementary or secondary school, or an inclosed motor *12 truck, or an inclosed motor truck trailer. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building.” (Emphasis added.)
The District Attorney’s excellent memorandum in opposition to the defendant’s motion shows that this definition may be interpreted to deem the maintenance room a separate “building”, as a “separately secured” unit of the whole building. However, the provision must be construed more narrowly. On its face, its first sentence modifies the second, thereby narrowing the term “unit”. The first sentence excludes the maintenance room. The room was not used for “overnight lodging of persons”; therefore, to be a “building” it must have been a “structure” that was “used by persons for carrying on business therein” (emphasis added). While the maintenance room was used to help the complainant carry on the business of 1036 Bedford Avenue, the trial evidence showed that that business was carried on outside of the maintenance room. Greenidge described his having taken tools from the room on the eve of the crime to use in the store downstairs. But there was no evidence that the business of the over-all building was carried on inside the room. In the law of burglary “therein” means what it says: inside the room that is entered. (See People v Haupt, 218 App Div 251, 253.)
Nor is the maintenance room the kind of “unit” referred to in the second sentence of subdivision 2 of section 140.00. That sentence is qualified by the first sentence, which excludes the maintenance room. Moreover, the “units” referred to in the second sentence are the independent units that make up a multiple-unit building, such as the three apartments and the store in Greenidge’s building. This is apparent from the language of the second sentence and its common-law history, which it codifies. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.00; People v Haupt, supra.)
The evidence here contrasts with the evidence in People v Pringle (96 AD2d 873), a case relied on by the People, in which the court found that a nurses’ station in a prison was a “building”. In Pringle, not only was the nurses’ station separately secured and used for storing drugs, facts similar *13 to those here, but the nurses worked in it to dispense medications to the inmates through a window. It was, said the court, (p 874), “an independent unit * * * providing] an essential work area”.
But here, there is no evidence that Greenidge or anyone else worked inside the room to conduct the “business” of 1036 Bedford Avenue, or that the room was an “independent unit” of the kind contemplated in Pringle.
This case more closely resembles People v O’Keefe (80 AD2d 923). The question there was whether a locked meter closet in a basement apartment was a separate “building”, as alleged in a charge of criminal trespass in the third degree. The closet held a metal cabinet used to store jewelry and materials used elsewhere in the basement. Although, as here, the locked area was “separately secured”, and was used to store materials used elsewhere in the over-all building, those facts alone were insufficient to make the place a “building”.
In People v Sevigny (121 Misc 2d 580), the court found an above-ground mausoleum to be a building. The court reasoned that a “structure” for storing corpses should have no less protection than a shed for storing tools. Be that as it may (cf. People v Richards, 108 NY 137), the maintenance room was not a separate “structure” as that term is used in subdivision 2 of section 140.00 of the Penal Law. While a mausoleum, a tool shed, and a nurses’ dispensary are “independent” structures, the second-floor room at 1036 Bedford Avenue is not the same kind of “independent” structure having its own distinct business separate from any other structure.
The People cite statutory definitions of “building” outside the New York Penal Law which define “building” to include a “part” or “portion” of a “building”, “structure” or “premises” (emphasis added). (See New York City Building Code, art 1; Model Penal Code, § 221.1.) Subdivision 2 of section 140.00 of the Penal Law is worded differently. It does not say that every part of a building is a separate building. Only portions of a main building that qualify as a “unit separately secured or occupied” are deemed separate buildings. As was discussed above, the term “unit” has a special meaning that does not cover the maintenance room.
*14 The People aptly note that “it would promote justice and effect the objects of the law to uphold a conviction for the very type of conduct sought to be prevented by the Legislature”, namely, this defendant’s conduct. Unfortunately, the defendant was not appropriately charged with that conduct in the first count.
For these reasons, the court is constrained to modify the verdict of guilty of attempted burglary in the third degree by reducing it to the only lesser included offense that does not have a “building” as an element, attempted trespass.