■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS M. JONES, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered October 10, 1986, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

The issue before us is whether defendant's arrest was based on probable cause, and whether the seizure and inspection of a wallet found on his person violated defendant's 4th Amendment rights.

Defendant was first seen at about 7:00 P.M. on March 13, 1986 in the lobby of Ithacare, a private residential facility for the elderly located in the City of Ithaca, Tompkins County, by an employee, Mary Blas. Blas asked defendant what his purpose was in being there, to which he replied that he was waiting for a friend. The facility had a sign-in policy for visitors. Blas was familiar with the residents and their regular visitors. Since defendant was unknown to her, she went to report his presence to Mary Cearles, her supervisor. Upon their return to the lobby, defendant was no longer there. Sometime later, defendant was seen by Cearles laying face down on the basement floor, partially in the employees' locker room. Defendant looked up and, on seeing Cearles, he entered

the locker room. Police were summoned. Upon their arrival, they were informed by Alejandro Vargas, a dining room attendant, that defendant had just exited through the back door. Upon being stopped by the police outside the building, defendant was questioned as to his identification and as to his reason for being in the building. He said he was looking for the bathroom and showed them a social services card bearing his name and photograph. The police requested that he return with them to the lobby, to which he acquiesced. There he was identified by Cearles and Blas as the intruder. Cearles then told the police that she wanted him arrested for trespassing. The police then placed him under arrest, gave him his *Miranda* warnings and requested further identification, pointing to a wallet protruding from his jacket. Defendant said it was not his. It was then taken by the police and found to belong to an employee of Ithacare.

Defendant was indicted for burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the second degree and criminal possession of a weapon in the fourth degree. County Court denied defendant's motion to suppress the seizure of the wallet and the statement made by defendant regarding the wallet. Defendant thereupon pleaded guilty to attempted burglary in the second degree.

We conclude that defendant's arrest for criminal trespass was supported by probable cause. Probable cause for an arrest does not require proof beyond a reasonable doubt, but merely information sufficient to support a reasonable belief that an offense has been committed by the arrest suspect *(see, People v Bigelow,* 66 NY2d 417, 423). Here the police were confronted by a complaint from Ithacare's staff that defendant was illegally within the building. Regarding public buildings, the public has the right of access during the times the building is open, but such license does not extend to those portions of the building not open to the public. The police have reasonable cause to arrest a defendant if it is reasonable for them to believe that the defendant knowingly entered portions of the building closed to the public. We find that reasonable cause to believe a crime was committed was amply established here: first, by the facility's strict sign-in policy; second, by the inconsistent reasons articulated by defendant in explanation of his presence in this facility for the elderly; third, by defendant's presence in the locker room, a nonpublic part of the building; fourth, by the complaining witnesses' presumptively reliable statements to the police *(see, Jaben v United*

*States,* 381 US 214); and fifth, by the identification of defendant at the showup.

As to the seizure and inspection of the wallet taken from defendant's person, that too, was not constitutionally flawed. Defendant was arrested based on reasonable cause. Therefore, a search of his person incidental to the arrest was permissible and the resultant seizure of the wallet was legal *(see, People v De Santis,* 46 NY3d 82, 88-89, *cert denied* 443 US 912; *People v Marsh,* 20 NY2d 98, 101; *see also, New York v Belton,* 453 US 454).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.