Tommie Lee MILTON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–589–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 1988.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Deborah Mantooth, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant entered a not guilty plea to the offense of criminal trespass, and the trial court assessed punishment at a fine of $25.00 and 3 days confinement in the Harris County jail. The sole issue on appeal concerns the sufficiency of the evidence. We affirm.

On March 2, 1987, an off-duty Houston police officer was working as a security officer for the Foley's store in downtown Houston. He was called to investigate a suspicious man on the second floor of the building near the women's restroom. The officer observed appellant walking into a prohibited area of the store; appellant picked up a piece of store property and began walking back out of the prohibited area with it. A hallway led to the prohibited area, and it was marked on the outside by a sign which was approximately three feet wide and four feet tall. According to the officer, the sign had a big hand on it with the words "Stop. This is a prohibited area. Associates only." According to the picture of the sign in the record before us, the discernible words on the sign were "STOP! NO TRESPASSING. Authorized Personnel Only." Appellant admitted that he did not work at the store, that he had seen the sign, and that he did not have permission to go into the prohibited area.

Appellant was convicted for committing the offense of criminal trespass in violation of Tex.Penal Code Ann. § 30.05(a) (Vernon Supp.1988) which provides:

A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

Appellant contends that he did not violate this statute because he did not "enter" a "building", but merely entered an "area" in that building. The applicable definition for "building" "means any enclosed structure intended for use as a habitation or for some purpose of trade, manufacture, ornament, or use." Tex.Penal Code Ann. § 30.01(2) (Vernon 1974). The appellant backs up his contention by noting that this distinction is made in the definition for "burglary" in Tex.Penal Code Ann. § 30.02 (Vernon 1974) which provides in part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (*or any portion of a building*) not then open to the public, with intent to commit a felony or theft ... (emphasis added).

Appellant claims that since the "portion of the building" distinction is not made in the criminal trespass statute, it must not apply to that offense. The state counters by noting that criminal trespass is a lesser included offense of burglary, *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim.App.1976), and that the only real distinction between the two offenses which the courts have recognized is that burglary requires the intent to commit a felony or theft. *See Moreno v. State*, 702 S.W.2d 636, 640 (Tex. Crim.App.1986); *Dominguez v. State*, 722 S.W.2d 179, 182 (Tex.App.—Houston [14th Dist.] 1986, no pet.). The state then notes that burglary convictions have been upheld for entering only part of an otherwise open building. *See, e.g., Williams v. State*, 537 S.W.2d 936, 939 (Tex.Crim.App.1976); *Williams v. State*, 650 S.W.2d 445, 446 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

This appears to be a case of first impression in Texas. Thus, for persuasive authority, we will turn to other jurisdictions which have dealt with the same or similar problem in order to aid us in making our determination. *See Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988); *Chaires v. State*, 480 S.W.2d 196, 200 (Tex.Crim. App.1972).

Ohio has a trespass statute which does not define "structure" for purposes of the offense. However, an Ohio appellate court had no problem in upholding a conviction for a trespass to part of a building. The Ohio court stated:

> "Defendant argues that [the complainant's] office was not an unoccupied structure since the legislature has not defined the term and the regular meaning of the term applies only to the structure, not a portion thereof.... There is no distinction between trespassing from the outside of the structure and trespassing from within the structure from a permitted area into a locked prohibited area. A person who gains lawful entry into a part of a structure can trespass in another part of the structure he is authorized to be in, which constitutes a trespass in a structure. Whether the trespass commences from within or without the structure makes no difference...."

*In re Johnson,* 8 Ohio App.3d 289, 457 N.E.2d 832, 833–34 (1982). This reasoning is similar to the reasoning recited by the trial court as the basis for appellant's conviction. A New York court, in discussing the "knowingly entering or remaining unlawfully" element of its criminal trespass statute, stated the following:

> This element is defined [in the statute] as follows:
>
> "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so.... A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in the part of the building which is not open to the public...."
>
> The illustration of this Section ... is instructive:
>
> "This provision assures that one who, for example, enters a department store during regular business hours is not exempted from criminal trespass or burglary sanctions when he knowingly enters a stock room, private office, or other part of the building which is closed to the general public."

*People v. McNair,* 124 Misc.2d 253, 475 N.Y.S.2d 1006, 1007–08 (Crim.Ct.1984). *See also People v. Jones,* 135 A.D.2d 1036, 523 N.Y.S.2d 187, 188 (1987) ("The police have reasonable cause to arrest a defendant if it is reasonable for them to believe that the defendant knowingly entered portions of the building closed to the public."); *City of Sunnyside v. Lopez,* 50 Wash.App. 786, 751 P.2d 313 (Wash.Ct.App.1988) ("no trespassing" signs were posted at the entrances to the interior walkways of the center); *People v. Pringle,* 96 A.D.2d 873, 465 N.Y.S.2d 742 (1983); *People v. Nunez,* 106 Misc.2d 236, 431 N.Y.S.2d 650, 653 (Crim.Ct.1980), *aff'd,* 114 Misc.2d 573, 454 N.Y.S.2d 290 (Sup.App.Term 1982).

The most persuasive authority we find in support of appellant's position is in *Cohen v. Katsaris,* 530 F.Supp. 1092 (N.D. Fla.1982), where a federal district court, on an application for a writ of habeas corpus, overturned a conviction affirmed in *Downer v. State,* 375 So.2d 840 (Fla.1979) on due process grounds. The federal court stated that the defendant had no notice of the state court's expanded interpretation of the trespass statute to include trespass to *part* of a building. However, if we follow the Ohio court's reasoning in *In re Johnson,* affirming appellant's conviction would not amount to an expansion of the scope of our criminal trespass statute. We would instead be holding that appellant's trespass did not begin when he entered the building, but rather began when he entered the prohibited area of the building. Furthermore, the information in the instant case charged that appellant "with notice that entry was forbidden, intentionally and knowingly enter[ed] and *remain[ed]* in a building ... without the effective consent of the Complainant." (emphasis added). The statute on which the information is based states in part: "A person commits an offense if he ... remains ... in a building of another without effective consent and he ... received notice to depart but failed to do so." TEX.PENAL CODE ANN. § 30.05(a)(2) (Vernon Supp.1988). Appellant makes no due process or other constitutional attack upon the statute, and he cannot now claim any sur-

prise in having the criminal trespass statute applied to him.

In order for this court to hold that appellant's action did not amount to a criminal trespass under § 30.05, we would be giving an absurd interpretation to the legislative intent behind the statute. As appellant's attorney admitted during oral argument, the position which appellant desires this court to take would require the reversal of a conviction of anyone who enters a bank building and walks around behind the teller's windows. We would have to hold blameless any person who walked into a convenience store and began rummaging around behind the counter or any person who entered the lobby of a public building and took the elevators to other sensitive areas of that building clearly closed to the public. We cannot accept appellant's position. When literal enforcement of a statute would lead to consequences which the legislature could not have intended, courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed. *Faulk v. State*, 608 S.W. 2d 625, 630 (Tex.Crim.App.1980). *See Wade v. State*, 572 S.W.2d 533, 535 (Tex. Crim.App.1978). The evidence is overwhelming and uncontradicted that appellant knew he was entering an area where he knew that he had no right or permission to be. We hold that the evidence is sufficient to support a conviction for the offense of criminal trespass. Appellant's sole point of error is overruled.

The judgment is affirmed.