■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MILO, Also Known as FRANK OLANZO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered August 24, 1983, convicting him of burglary in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the day in question, the defendant entered a Pathmark supermarket and walked through the store into the storage area which was clearly marked "Employees only". The defen-

dant took a brief look around and returned to the shopping area of the store. He picked up five cartons of cigarettes and returned to the storage area. While there, the defendant concealed the cartons in a box and disguised himself as a Pathmark employee. He then reentered the shopping area and exited the store without paying for the cigarettes. The defendant was ultimately apprehended by store personnel and the police.

The defendant argues on this appeal that the Trial Judge's instructions to the jury on the elements of burglary was defective since it failed to distinguish between intent to commit a crime in an unrestricted area and intent to commit a crime in a restricted area. We note at the outset that any issue of law concerning the Trial Judge's instructions to the jury has not been preserved for appellate review. In any event, we do not accept the defendant's construction of the language of the pertinent burglary statute. The statute reads: "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). In order for us to accept the defendant's argument, we would have to conclude that "therein" only applies to nonpublic areas of the building. We find this to be a strained construction of the statute. A more natural construction is that "therein" refers to the entire building. Thus, the defendant's argument that the Judge's instructions were defective must fail *(see, People v Powell,* 58 NY2d 1009; *People v Niepoth,* 55 AD2d 970).

We have reviewed the defendant's other contentions and find them to be without merit *(see, People v Glover,* 57 NY2d 61; *People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.