TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00701-CR







Tori Raymond Prim, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY

NO. 517,072, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING





 Appellant Tori Raymond Prim was convicted of misdemeanor criminal trespass. 
See Tex. Penal Code Ann. § 30.05 (West Supp. 2000). In a single point of error he appeals,
contending the evidence was legally and factually insufficient to support his conviction. The State
did not file a brief in response. We will affirm.


BACKGROUND 

 On the night of April 3, 1998, appellant was a patron at Club Kaos ("Kaos"), an
Austin nightclub located in a shopping center. Off-duty Austin Police Sergeant Dana Brockington
was working security at Kaos that night and was stationed outside, near the front door of the club. 
While working security, Brockington had the authority to refuse entry to persons wishing to enter
the nightclub or its property. During the night, Kaos personnel escorted appellant outside the club
and asked him to leave. According to testimony at trial, appellant refused to leave. Brockington
then instructed appellant to leave and warned him that if he refused, he would be arrested for
criminal trespass. Appellant eventually left the immediate vicinity. Brockington testified that he
saw appellant walk across the back parking lot of the nightclub, that he could see the corner of
the lot, and that he watched until appellant was out of sight.

 Approximately ten to fifteen minutes later, Kaos personnel informed Brockington
that appellant was again at the front entrance to the club. Brockington approached appellant and
again told him to leave. Appellant refused, and Brockington arrested him for criminal trespass. 

 Appellant was charged with the offense of criminal trespass. The amended
complaint and information, in relevant part, read as follows:


 Tori Prim, the Defendant, on or about the 3rd day of April, A.D. 1998, did then
and there intentionally and knowingly enter on the property of another . . . without
the effective consent of another, to wit: D. Brockington, and the Defendant did
then and there have prior oral notice that entering there was forbidden, namely, the
Defendant entered on said property knowing entry was not permitted. (1)



 After waiving his right to a jury trial, appellant was convicted and sentenced to
thirty days' confinement in the county jail and ordered to pay a $500 fine. The court then
suspended this sentence and placed appellant on probation for 180 days, probated $400 of the fine,
and required appellant to complete the Travis County Counseling Center Misdemeanor I program. 


DISCUSSION In his sole point of error, appellant contends that the trial court erroneously
convicted him because there was legally and factually insufficient evidence to support his
conviction.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, we view all the evidence in the light most favorable to the verdict and ask whether any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888
(Tex. Crim. App. 1994). This standard of review is the same for both direct and circumstantial
evidence. See Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). 

 The court of criminal appeals has recently clarified the approach an appellate court
should use in reviewing factual sufficiency of the evidence to support a conviction under Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). See Johnson v. State, No. 1915-98, slip op.
at 16-18 (Tex. Crim. App. Feb. 9, 2000). When conducting a factual sufficiency review, rather
than viewing the evidence in the light most favorable to the verdict, we view the evidence in a
neutral light, favoring neither party. See id. at 10. We will set aside the verdict only if a neutral
review of the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the factfinder's determination, or if the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. at 18. 

 A person commits the offense of criminal trespass by entry if the person's entire
body intrudes onto property of another without effective consent and the person has notice that
entry is forbidden. See Tex. Penal Code Ann. § 30.05. Entry can be proven by circumstantial
evidence. See Jackson v. State, 3 S.W.3d 58, 61 (Tex. App.--Dallas 1999, no pet. h.). 

 Appellant contends that the State presented insufficient evidence to convict him of
criminal trespass by entry. Appellant does not dispute that he lacked effective consent to enter
Kaos's property or that he had prior notice that entry was prohibited. Appellant does not dispute
Brockington's testimony that when Brockington first directed appellant to leave and subsequently
arrested him, appellant was on Kaos's property. Appellant's sole point of contention is that the
State failed to prove he entered the property. Appellant urges that in order to prove entry, the
State must first prove that appellant left Kaos's property by crossing a determinable line after
being warned and then subsequently re-entered by intruding over such line a second time. 
Appellant argues that because Brockington could not specifically delineate the boundaries of the
Kaos property, there was insufficient evidence to show that appellant ever left the property and
thus the State never proved appellant re-entered the property in violation of law. We disagree. 

 There was some confusion at trial regarding the precise outer boundaries of Kaos's
property and whether appellant crossed such property lines. The club is located in a shopping
center with a very large parking lot. Although Brockington watched appellant walk to the outer
reaches of the parking area, the officer could not testify with certainty as to Kaos's legal property
boundary in order to prove appellant crossed that line in going and returning. Nevertheless, the
evidence establishes that appellant was at Kaos's front-door area when Brockington told him to
leave and not to return and that appellant left, disappearing from sight. The evidence further
shows that after leaving the part of the property over which Brockington maintained control,
appellant subsequently returned to the very same area. 

 Even if appellant did not leave the outer perimeter of Kaos's property, he
nevertheless left the area of the property over which Brockington maintained control. Appellant's
subsequent appearance in that area constituted a re-entry onto property without effective consent
after receiving notice that his entry was forbidden and thus was a criminal trespass. See Milton
v. State, 751 S.W.2d 908, 910 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd) (appellant
criminally trespassed by entering a prohibited area within building even though entrance into the
building itself was not prohibited); see also Robinson v. State, 530 S.W.2d 592, 593 (Tex. Crim.
App. 1975) (criminal trespass committed when appellant entered prohibited area of University
grounds without authority). 

 After viewing all the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found the essential elements of criminal trespass beyond a
reasonable doubt. We further hold that proof of appellant's guilt is neither obviously weak nor
greatly outweighed by contrary proof. We therefore overrule appellant's sole point of error and
affirm the trial court's judgment. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 4, 2000

Do Not Publish
1. 
 
 § 
 
 
 -- 
 ' - 



 the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the factfinder's determination, or if the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. at 18. 

 A person commits the offense of criminal trespass by entry if the person's entire
body intrudes onto property of another without effective consent and the person has notice that
entry is forbidden. See Tex. Penal Code Ann. § 30.05. Entry can be proven by circumstantial
evidence. See Jackson v. State, 3 S.W.3d 58, 61 (Tex. App.--Dallas 1999, no pet. h.). 

 Appellant contends that the State presented insufficient evidence to convict him of
criminal trespass by entry. Appellant does not dispute that he lacked effective consent to enter
Kaos's property or that he had prior notice that entry was prohibited. Appellant does not dispute
Brockington's testimony that when Brockington first directed appellant to leave and subsequently
arrested him, appellant was on Kaos's property. Appellant's sole point of contention is that the
State failed to prove he entered the property. Appellant urges that in order to prove entry, the
State must first prove that appellant left Kaos's property by crossing a determinable line after
being warned and then subsequently re-entered by intruding over such line a second time. 
Appellant argues that because Brockington could not specifically delineate the boundaries of the
Kaos property, there was insufficient evidence to show that appellant ever left the property and
thus the State never proved appellant re-entered the property in violation of law. We disagree. 

 There was some confusion at trial regarding the precise outer boundaries of Kaos's
property and whether appellant crossed such property lines. The club is located in a shopping
center with a very large parking lot. Although Brockington watched appellant walk to the outer
reaches of the parking area, the officer could not testify with certainty as to Kaos's legal property
boundary in order to prove appellant crossed that line in going and returning. Nevertheless, the
evidence establishes that appellant was at Kaos's front-door area when Brockington told him to
leave and not to return and that appellant left, disappearing from sight. The evidence further
shows that after leaving the part of the property over which Brockington maintained control,
appellant subsequently returned to the very same area. 

 Even if appellant did not leave the outer perimeter of Kaos's property, he
nevertheless left the area of the property over which Brockington maintained control. Appellant's
subsequent appearance in that area constituted a re-entry onto property without effective consent
after receiving notice that his entry was forbidden and thus was a criminal trespass. See Milton
v. State, 751 S.W.2d 908, 910 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd) (appellant
criminally trespassed by entering a prohibited area within building even though entrance into the
building itself was not prohibited); see also Robinson v. State, 530 S.W.2d 592, 593 (Tex. Crim.
App. 1975) (criminal trespass committed when appellant entered prohibited area of University
grounds without authority). 

 After viewing all the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found the essential elements of criminal trespass beyond a
reasonable doubt. We further hold that proof of appellant's guilt is neither obviously weak nor
greatly outweighed by contrary proof. We therefore overrule appellant's sole point of error and
affirm the trial court's judgment.