EVANDER, J.'
M.M., a juvenile, appeals an order finding him guilty of trespass on school grounds in violation of section 810.097(1), Florida Statutes (2014), arguing that the trial court erred in denying his motion for judgment of dismissal. He contends that the evidence was insufficient to’ establish that he unlawfully entered, or remained upon, his middle school campus immediately following his suspension.' We disagree and, accordingly, áffirm.
Section 810.097 provides, in pertinent part:
(1) Any person who:
(a) Does not have legitimate business on the campus or ány other authorization, license, or invitation to enter or remain upon school property; or
(b) Is a student currently under suspension or expulsion;
and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the second degree..
The incident in question occurred after M.M. acted out in his middle school class and was escorted to the office of the school’s administrative - dean. There, M.M.’s misconduct continued as he yelled profanities at the administrative dean, pounded on her desk, and refused to comply with her request to “calm down.” The administrative dean- advised M.M. that he was suspended and called his mother to pick him up. M.M was then instructed by the administrative dean to go to the indoor *302 waiting room outside of her office. The school resource officer was-.contacted after M.M. continued to engage in disruptive behavior in the waiting room. Despite instructions from both the dean and the school resource officer that he must remain in the waiting area, M.M. walked outside into an adjacent open-air courtyard (near the back of the school campus), where he was arrested for trespass.
M.M. argues that he cannot be found guilty of unlawfully entering or remaining on school property because he was expressly authorized (actually required) to remain on campus until his mother arrived. Cf. E.W. v. State, 873 So.2d 485, 487-88 (Fla. 1st DCA 2004) (holding that evidence was insufficient to establish that appellant remained unlawfully on school property because, as a minor, appellant could not leave school without parental consent). In essence, M.M. argues that as long as he was authorized to enter or remain on some part of the school’s property, he could not be found, to have committed a trespass. We reject this argument.
The Florida Supreme Court has recognized that a property owner who impliedly invites'members of the public to enter onto its property can limit public access to certain areas of that property and that a criminal trespass occurs when an individual willfully enters or remains in the restricted area. Downer v. State, 375 So.2d 840 (Fla.1979). In Downer, the defendants entered Tallahassee Memorial Hospital (TMH) for the purpose of conducting a “consumer inspection” of the hospital’s maternity facility. Id. at 842. Ultimately, they entered the nursery section of the maternity ward, ignoring the sign on the door marked “NO ADMITTANCE.” Id. When asked to. leave the nursery by a hospital employee, the two defendants complied. Id. at 843. Notwithstanding their compliance with the directive, the two defendants were charged under Florida’s “trespass in structure” statute. That statute provided:
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure ... or, having been authorized, licensed, or invited is warned to depart and refuses to do so, commits the offense of trespass in a structure....
§ 810.08(1), Fla. Stat. (Supp.1976).
The court concluded that the defendants’ actions constituted a trespass, notwithstanding that the hospital was open to the public:
[Defendants] argue that TMH is a public facility and that members of the public are impliedly invited to enter the building. We agree that by virtue of its operation as a public health- facility, TMH has extended an implicit invitation to members of the public to enter its doors. However, ... this public access may be expressly limited to the extent necessary for the orderly functioning of the public facility.
Id. at 843-44 (citation omitted). Significantly, the Florida Supreme Court interpreted section 810.08(1) to support a conviction for 'trespass of an individual who was authorized, licensed, or invited to en-tór or remain in certain areas of a structure but, who without authority, license, or invitation had willfully entered into a restricted area in that same structure.
Courts in other jurisdictions have similarly rejected the argument that one cannot be found to have committed a trespass within a structure where the individual was authorized to enter or remain in a portion of the structure. In In re Johnson, 8 Ohio App.3d 289, 457 N.E.2d 832 (1982), a student was found to. have trespassed in an unoccupied structure where he broke into the locked office of a school *303 employee and removed some personal property. 457 N.E.2d at 833. The applicable statute provided that “[njo’person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense ... or any felony.” Id. Johnson argued that the statute applied “only to the structure, not a portion thereof.” Id. at 833-34. The Ohio court summarily rejected- the argument, even though the term “unoccupied structure” was not defined by the legislature, and concluded:
There is no distinction between trespassing from the outside of a structure and trespassing from within the structure from a permitted area into ,a locked prohibited area.
Id. at 834.
In Milton v. State, 751 S.W.2d 908 (Tex.App.-Houston [14 Dist.] 1988), a security officer observed Milton walking' into an area of the store that was closed to the public as reflected by a sign marked: “STOP! NO TRESPASSING. Authorized Personnel Only.” 751 S.W.2d at 909. Milton admitted that he did not work at the store, that he had seen- the sign, and that he did not have permission to go into the prohibited area. Id. He was convicted of criminal trespass in violation of Texas Penal Code Annotated section 30.05(a) (West 1988), which provided:
A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
(1) had notice that the entry was forbidden; or
(2) received notice to depart but failed to do so.
Id. The applicable definition of “budding” was “any enclosed structure intended for use as a habitation or for some purpose of trade, manufacture, ornament, or use.” Texas Penal Code -Ann, § 30.01(2) (West 1974).. Milton argued that he did not vio-, late the statute because he did not enter a “building,” but merely entered , an “area” in that building. Id. In upholding Milton’s conviction, the Texas appellate court correctly ■ observed that to hold otherwise “would be giving an absurd interpretation to the legislative intent behind the: statute:”
In order for this' court to hold that appellant’s action did not amount to criminal trespass under § 30.05, we would be giving an absurd interpretation to the legislative intent behind the statute. As appellant’s attorney admitted during oral argument, the position which appellant desires this court to take would require the reversal of the conviction of anyone who enters a bank building and walks around behind the teller’s windows. We would have to hold blameless any person who walked into a convenience store and began rummaging around behind the counter or any person who entered the lobby of a public building and took the elevators to other sensitive areas of that building clearly closed to the public. We cannot accept appellant’s position. When literal enforcement of -a statute would lead to consequences which the legislature could not have intended, courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed.
Id. at 911.
In the instant case, M.M. was suspended prior to the events leading to his arrest for trespass. As a result, he had no legitimate business on campus. Until his mother’s arrival', M.M. was authorized, licensed, or invited to be in the office waiting room; he was' not authorized, licensed, or invited to be anywhere else on school grounds. Accordingly, his willful action of *304 disobeying the instruction of both the dean and the school resource officer by entering into other areas of the campus constituted a violation of section 810.097(1).
A sterile literal interpretation of a statute should not be adhered to when it would lead to absurd results. Maddox v. State, 923 So.2d 442, 446 (Fla.2006). The absurd results that would occur by accepting the statutory interpretation advanced by M.M. are readily apparent. Consider the example of a non-student, non-employee who attends a high school basketball game. Even though the individual has no other legitimate business on the school grounds, he willfully enters into locker rooms, chemistry labs, storage rooms, and the trailer that serves as a temporary residence for a school security officer — notwithstanding signs and/or verbal directives from school personnel that only authorized persons may enter those areas. Under M.M.’s theory, no trespass would have occurred until and unless the individual refused to comply with an instruction from an authorized school official to leave the campus.
We conclude that the only reasonable interpretation of section 810.097(1) is that “school property” means any part of the school’s property. Accordingly, a person who does not have authorization, license, or invitation to enter or remain upon a restricted area of the school property may be found guilty of violating section 810.097(1). This interpretation is consistent with the clear intent of the Legislature to provide for the orderly functioning of schools and to protect students from individuals who enter or remain on school property or parts thereof without a legitimate reason and is also consistent with the Florida Supreme Court’s decision in Downer.
AFFIRMED.
EDWARDS, J., concurs.
LAWSON, C.J., dissents with opinion.