PER CURIAM.
This is an appeal by the juvenile A.C. who was adjudicated delinquent below for trespassing on public school property in violation of Section 228.091(2), Florida Stat *137 utes (1987). The sole point raised on appeal is that the aforesaid statute is unconstitutionally vague because (a) it fails to specify a limitations period for the school official’s order to a trespasser to leave a public school campus and (b) fails to define the meaning of “legitimate business on the campus.”[1] In the body of his brief, the juvenile A.C. also attacks the constitutionality of the above statute as applied to the facts of this. case. Because the juvenile did not raise any of these constitutional arguments in the trial court, we are only authorized to address the facial validity of the subject statute because it is a fundamental error to convict a person of violating a criminal statute which is unconstitutional on its face; we are precluded, however, from addressing whether the statute was unconstitutionally applied under the facts of this case because this issue was never raised below. Trushin v. State, 425 So.2d 1126 (Fla.1982).
We have no trouble in sustaining the facial validity of Section 228.091(2), Florida Statutes (1987), against a constitutional attack of vagueness. First, the fact that the statute sets no time limit on a school official’s authority to otherwise lawfully order a person off a public school campus is of no moment, as, clearly, a public school official is entitled to bar indefinitely non-authorized persons from being on the campus. See Downer v. State, 375 So.2d 840 (Fla.1979). This is not to say, however, that such an order might not become “stale” at some point in time depending on the circumstances of the case, as clearly the statute does not authorize a permanent banishment from a school campus no matter how many years elapse after the subject order, and undoubtedly the typical order to leave campus issued by a school official is never so intended. We do not now address that difficult issue because (a) the sufficiency of the evidence to convict has not been raised as a point on appeal, and (b) the constitutionality of the statute as applied is not properly before us. Second, we think the statutory phrase “legitimate business on the campus,” is sufficiently definite for constitutional purposes to describe, albeit in general terms, the type of activity which a person must lack in order to expose oneself to possible criminal liability under the statute. This phrase, when read in context, has an ordinary meaning which is reasonably understandable to a person of ordinary intelligence, to wit: that one entering or remaining on a school campus must lack any purpose for being there which is connected with the operation of the school. Compare State v. Dye, 346 So.2d 538 (Fla.1977); State v. Lindsay, 284 So.2d 377 (Fla.1973); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 884 (Fla.1972); State v. E.N., 455 So.2d 636 (Fla. 5th DCA 1984), quashed on other grounds, 484 So.2d 1210 (Fla.1986).
The final order of delinquency under review is therefore, in all respects,
AFFIRMED.

. Section 228.091(2) reads in pertinent part: "Any person who:
[[Image here]]
[d]oes not have legitimate business on the campus ...
[[Image here]]
and who enters or remains upon the campus or other facility of such school after the chief administrative officer of such school, or any employee thereof designated by him to maintain order on such campus or facility, has directed such person to leave such campus or facility or not to enter upon the same, is guilty of the offense of trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the first degree-”