613 So.2d 574 (1993)
In the Interest of J.C.S., Appellant,
v.
STATE of Florida, Appellee.
No. 92-2057.
District Court of Appeal of Florida, First District.
February 8, 1993.
Barry W. McCleary, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya R. Horbelt, Amelia L. Beisner, Asst. Attys. Gen., Tallahassee, for appellee.
MICKLE, Judge.
This appeal is from a disposition order finding that J.C.S. was guilty of trespassing on school grounds in violation of section 228.091(1), Florida Statutes (1991). We reverse on the ground that State's evidence was circumstantial, and it presented no evidence inconsistent with J.C.S.'s hypothesis of innocence.
J.C.S. was arrested for trespass on January 6, 1992. State subsequently filed a delinquency petition in the juvenile division of circuit court. The case was heard in May 1992.
The arresting police officer testified he received a report that two white males were approaching a Pensacola high school and were armed with handguns. The officer responded and encountered J.C.S. and another boy in the parking lot behind the high school. J.C.S. told the officer he was going to the school, although he was no longer a student there. The police officer conducted a safety pat-down. No weapons were found on the two boys, but two handguns were found in J.C.S.'s truck, which was parked two blocks away. J.C.S. was then arrested for trespass.
The Assistant Principal of the high school testified J.C.S. withdrew from the school on December 20, 1991, which was the last day of classes before Christmas break. January 6, 1992, was the first day of classes after Christmas break. The *575 school was closed during the break. The Assistant Principal further testified that entering the school through the rear parking lot violates the school's published and well-known visitation rules.
State rested. J.C.S. testified he lives with his mother. He withdrew from the high school on December 20 because he was transferring to junior college. He received a transcript from the high school, but the transcript was incomplete. J.C.S. testified a counselor in the school's guidance office told him to come to the school to get the remaining grades. J.C.S. said that when he was arrested for trespass, he was on his way to the office to get his completed transcript. A few weeks after his arrest, J.C.S. went to the school and picked up his transcript without incident.
J.C.S.'s mother testified she sent J.C.S. to the high school to get his grades. She had spoken to a guidance counselor who was aware J.C.S. was coming to get his final grades. He needed the grades to enroll in junior college. J.C.S.'s mother testified she told J.C.S. to pick up his grades when school started after Christmas break because the school was not open until then.
The trial court found J.C.S. guilty of trespass on school property. Section 228.091(1) states that a person is not trespassing if he has a legitimate reason to be on school grounds, but the trial court determined, in essence, that J.C.S.'s route through the rear parking lot indicated an absence of a legitimate reason to be on the campus. The trial court withheld adjudication and referred J.C.S. to the JASP program.
J.C.S. appeals the finding of guilt on the ground he had a legitimate reason to be on school grounds. `Legitimate business on campus' has been restated by the third district as "any purpose for being there which is connected with the operation of the school." A.C. v. State, 538 So.2d 136, 137 (Fla. 3d DCA 1989). Section 228.091(1) also provides that a person is not trespassing if he has "any other authorization, license, or invitation to enter or remain upon school property... ."
State answers there was sufficient circumstantial evidence to support the finding that J.C.S. had no legitimate business on campus. However, "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla. 1989). State is required "to introduce evidence which is inconsistent with the defendant's theory of events." Id. at 189.
J.C.S.'s theory of innocence was that the school's guidance office invited him onto campus for the legitimate business of obtaining his completed transcript. State presented no evidence inconsistent with that corroborated explanation. Accordingly, we reverse the trial court's finding that J.C.S. was guilty of trespass on school grounds.
REVERSED.
WIGGINTON and KAHN, JJ., concur.