ERVIN, Judge.
We affirm appellant J.H.’s delinquency adjudication for trespass on public school grounds, in violation of Section 228.091(1), Florida Statutes (1991). In so doing, we reject appellant’s argument that the statute is unconstitutionally vague on the ground that the phrase “legitimate business on the campus,” which appears in subsection (1)(a)2. of the statute, is not defined. See A.C. v. State, 538 So.2d 136 (Fla. 3d DCA 1989), which rejected a similar argument as to subsection (2) of the same statute.
We recognize that there is language in K.L.J. v. State, 581 So.2d 920 (Fla. 1st DCA 1991), which suggests that the phrase “legitimate business” is unconstitutionally vague; however, we find K.L.J. distinguishable for two reasons. First, K.L.J. does not involve an interpretation of section 228.091(1), but rather considers a Jacksonville curfew ordinance, and curfew ordinances are highly suspect, because they infringe on basic constitutional rights. K.L.J., 581 So.2d at 921. Second, unlike the Jacksonville ordinance, the phrase “legitimate business on the campus” used in section 228.091(1) is clarified by the words which follow it, namely, “or any other authorization, license, or invitation to enter or remain upon school property.” Cf. T.T. v. State, 506 So.2d 1156 (Fla. 1st DCA 1987).
AFFIRMED.
JOANOS and WOLF, JJ., concur.