PER CURIAM.
M.C. appeals from an adjudication of delinquency for the offense of trespass upon public school grounds. For the reasons that follow, we reverse.
M.C., a seventh-grader at Parkway Middle School, was suspended for ten days following an altercation with another student. In accordance with school procedures, he was invited to return to the school the next day with his legal guardian to discuss alternatives to suspension. School officials led M.C. to believe that they would contact his guardian.
The school’s efforts to contact M.C.’s guardian were not successful, but M.C. was not aware of this. M.C. was not living with his guardian at the time, so he had not seen or spoken with her between the day he was suspended and the day he was arrested.
M.C. arrived at the school office promptly the next morning and went to the office for the scheduled meeting. When his aunt did not show up, M.C. went to class to await her arrival. He testified at the adjudicatory hearing that he thought that he would be summoned when she arrived at the office. He attended four class periods; when he arrived at his fifth-period class his teacher, who had referred him to the office the previous day over the incident that led to his suspension, again sent him to the office. When he entered the office, he was arrested for trespass.
As a matter of law, the trial court erred in finding respondent guilty of trespass upon public school grounds. Section 228.091(l)(a)(2), Florida Statutes (1995), provides that a person who has “legitimate business on the campus,” or “any other authorization, license, or invitation to enter or remain upon school property” does not commit the offense of trespass upon school property. M.C., although “a student currently under suspension,” section 228.091(l)(b), Florida Statutes, had returned to the school pursuant to the express invita *1383 tion of school officials. He was therefore on school property for legitimate business on campus, defined by this court as “any purpose for being there which is connected with the operation of the school.” A.C. v. State, 538 So.2d 136, 137 (Fla. 3d DCA 1989); see also J.C.S. v. State, 613 So.2d 574, 575 (Fla. 1st DCA 1993) (same). Respondent’s conviction cannot be sustained, as the State failed to present evidence inconsistent with M.C.’s reasonable hypothesis of innocence, which was corroborated by school officials. See J.C.S., 613 So.2d at 575 (“State is required ‘to introduce evidence which is inconsistent with the defendant’s theory of events.’ ”). The State cannot penalize M.C., whom it admits had a legitimate reason to be on campus when he arrived for the meeting, for its own failure to ensure that the meeting occurred.
We, therefore, reverse the trial court’s finding of'guilt and remand with directions to discharge respondent.
Reversed and remanded with directions.