BROWNING, J.
This is the direct appeal from a conviction for trespass in a park afterhours. We hold that the trial court erred in failing to grant Appellant’s motion for judgment of acquittal because the state failed to put forth evidence of two of the elements of the crime. Accordingly, we reverse the conviction and sentence.
To overcome a motion for judgment of acquittal, the state must have put forth evidence of each element in each crime. The crime of trespass has four elements. The statute on trespass reads as follows:
A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance: as to which notice against entering or remaining in is given, (1) ... by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011 ... commits the offense of trespass on property other than a structure or conveyance.
§ 810.09(l)(a), Fla. Stat. (2001). Thus, the elements of the crime are (1) willful entering or remaining in property, (2) the property is not a structure or conveyance, (3) *1117 the person is not authorized, licensed, or invited, and (4) the person has notice against entering or remaining. In the instant appeal, the state did not put forth evidence sufficient to prove the first element, intent, or the last element, notice.
The state called the arresting officer, who testified as to the circumstances of the arrest. His testimony, however, did not touch on Appellant’s intent. There was simply no evidence that, when Appellant entered or remained in the park after hours as a passenger in a car, he did so willfully. Further, we find on this record insufficient evidence to demonstrate either that Appellant had actual notice or that the park was properly posted so as to give adequate constructive notice. See § 810.011(5)(a), Fla. Stat. (2001); In Interest of B.P., 610 So.2d 625 (Fla. 1st DCA 1992). Thus, the trial court should have granted the motion for judgment of acquittal.
REVERSED.
ERVIN and BOOTH, JJ., concur.