PER CURIAM.
Appellant, E.W., appeals from the trial court’s denial of his motion for judgment of acquittal of the offenses of trespass on school property and resisting arrest without violence. The trial court found appellant guilty of both offenses, but withheld adjudication of delinquency, and imposed sanctions which included probation and 120 hours of community service. We reverse the determination ■ of guilt as to the trespass charge. In all other respects, we affirm the trial court’s ruling.
Because a motion for judgment of acquittal presents an issue of law, the trial court’s ruling is reviewed on appeal by the de novo standard of review. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001). “To overcome a motion for judgment of acquittal, the state must have put forth evidence of each element in each crime.” See K.S. v. State, 840 So.2d 1116 (Fla. 1st DCA 2003).
The statute applicable, section 810.097(1), Florida Statutes (2002), provides:
810.097 Trespass upon grounds or facilities of a school; penalties; arrest.—
(1) Any person who:
(a) Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
(b) Is a student currently under suspension or expulsion; and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
The elements of trespass upon school property are: (1) entering or remaining on school property, (2) without legitimate business, authorization, license, or invitation to enter or remain; or (1) entering or remaining on school property, (2) by a student who has been suspended or expelled. The “legitimate business” which would entitle one to enter or remain upon school property refers to any purpose for being there which is connected with the operation of the school. See A.C. v. State, 538 So.2d 136, 137 (Fla. 3d DCA 1989). See also J.H. v. State, 625 So.2d 883 (Fla. 1st DCA 1993).
In the instant case, appellant, as an enrolled student at Second Chance School, clearly had legitimate business on school property, and therefore could not be found guilty of trespass. Viewing the evidence in the light most favorable to the state, see Jones, 790 So.2d at 1197, we consider the state failed to prove a violation of section 810.097, because the evidence is legally insufficient to establish that appellant remained unlawfully on school property. Appellant, who was 14 at the time of the incident, could not legally comply with the directions of the dean of the school to leave the school’s premises, in that the policy of the school was that no student under the age of 18 could lawfully leave the campus unless he or she had previously received parental consent. Attempts at contacting appellant’s mother were unsuccessful, and the record reflects that an underage student who leaves school property without such permission is subject to *488 a ten-day suspension. Under the circumstances of this case, we conclude the evidence does not establish that appellant’s legitimate reasons to be on school property terminated unequivocally before the school resource officer arrested him for trespass.
We agree, however, that the record supports the trial court’s finding that appellant resisted arrest without violence. To support a finding of guilt for the offense of resisting arrest without violence, “the state must show: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty.” See S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). See also Jay v. State, 731 So.2d 774, 775 (Fla. 4th DCA 1999). It is not necessary that the underlying criminal activity providing the basis for the arrest result in a charge or conviction; it is only necessary that the officer has a founded suspicion of criminal activity to make the detention. See State v. Dwyer, 317 So.2d 149, 150 (Fla. 2d DCA 1975). In other words, the “[f]acts constituting probable cause [for an arrest] need not meet the standard of conclusiveness and probability required to support a conviction.” See Seago v. State, 768 So.2d 498, 500 (Fla. 2d DCA 2000).
The record in this case shows that appellant pulled away from, and struggled with, the school resource officer, when the officer attempted to handcuff appellant. Once the dean of the school told appellant that his failure to leave the school property constituted trespass, the school resource officer reasonably could believe that there were valid grounds for appellant’s arrest, and thus the resulting arrest was not unlawful.
Accordingly, we REVERSE the determination of guilt with regard to the offense of trespass on school property, and AFFIRM the trial court’s disposition in all other respects.
ERVIN and BOOTH, JJ., and SMITH, Senior Judge, CONCUR.