SILBERMAN, Judge.
A.S.P. appeals his adjudication of delinquency and judicial warning for possession of a weapon on school property and contends that the trial court should have granted his motion to suppress. We agree and reverse the trial court’s adjudication and disposition order.
In its delinquency petition, the State alleged that A.S.P. committed the acts of possession of a weapon on school grounds, in violation of section 790.115(2)(b), Florida Statutes (2005), and trespass on school property with a firearm or weapon, in violation of section 810.095, Florida Statutes (2005). A.S.P. filed a motion to suppress, which the trial court denied. Following trial, the court entered its order adjudicating A.S.P. guilty of possession of a weapon on school grounds. The court found A.S.P. not guilty of the offense of trespass on school property with a firearm or weapon. As to the latter offense, it was undisputed that A.S.P. was not a student at Hillsborough High School but that he was there on the day in question for the legitimate business of obtaining his scores on a test he had taken to enter a GED program. See E.W. v. State, 873 So.2d 485, 487 (Fla. 1st DCA 2004) (“The ‘legitimate business’ which would entitle one to enter or remain upon school property refers to any purpose for being there which is connected with the operation of the school.”); J.C.S. v. State, 613 So.2d 574, 575 (Fla. 1st DCA 1993) (recognizing that juvenile was on school property for legitimate business of obtaining his transcript).
With respect to the motion to suppress, Eric Johnsen testified that he is the school security officer for Hillsborough High School. On March 1, 2006, a student pointed out A.S.P. as a trespasser. That week at school there had been some gang issues and fights, and the students had been alerted to these issues. Johnsen saw A.S.P. on the bus ramp, near the senior parking lot. Johnsen asked A.S.P. whether he was a student at Hillsborough High, and A.S.P. said no. Johnsen testified that he brought A.S.P. over to the car and “searched him right away.” When asked why he searched A.S.P., Johnsen said, “Because it’s a safety issue. He’s on school grounds. He’s a trespasser.” John-sen found a knife on A.S.P.’s person, and Johnsen immediately turned the knife over to Officer Sutton of the Tampa Police Department, who then arrested A.S.P.
The trial court questioned Johnsen about what he would have done if A.S.P. had told him that he came to the school to get test scores. Johnsen said that he probably would have given A.S.P. directions to get to the proper area of the school and that if A.S.P. had said that he had school business, Johnsen would not have searched him. However, Johnsen’s testimony reflects that the only question he asked A.S.P. before immediately searching him was whether he was a student at the school.
The trial court stated that it was a close call but denied the motion to suppress “because of what had been happening in the school; the testimony that there had been problems, gangs, fights, et cetera. He said he’s not a student; therefore, they need to check him out because of the safety.”
Section 810.097(1) provides in pertinent part as follows:
(1) Any person who:
(a) Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property ... *213 and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the second degree ...
Section 810.097(4) provides that a law enforcement officer may arrest, without a warrant, “any person the officer has probable cause for believing has committed the offense of trespass upon the grounds of a school facility.”
Here, while Johnsen may have suspected that A.S.P. might be trespassing, the evidence did not establish probable cause to believe that A.S.P. had committed the crime of trespass upon school grounds as defined in section 810.097(1). Although A.S.P. admitted that he was not a student, Johnsen immediately searched him before ascertaining whether he had any legitimate business on campus. Under these circumstances, we cannot say that probable cause existed to arrest A.S.P. or search him incident to arrest for trespassing on school grounds.
The trial court appeared to deny the motion to suppress based on the safety issue at the school. Had Johnsen articulated a reasonable suspicion that A.S.P. had a weapon, we would agree that John-sen would have been justified in doing a pat-down for weapons. “A pat-down for weapons is permissible only when the officer has a reasonable suspicion that the defendant is armed and dangerous.” Owens v. State, 854 So.2d 737, 740 (Fla. 2d DCA 2003) (noting that the record failed to show that the officer “had a particularized suspicion that Owens was armed; thus, the pat-down for weapons was illegal”).
Johnsen admitted that he conducted a full search, not a pat-down for weapons.[1] Even if he had only conducted a pat-down, he failed to articulate any reasonable suspicion to believe that A.S.P. had a weapon on his person. Because the evidence does not reflect that Johnsen had a particularized suspicion that A.S.P. was armed, the search was illegal.
Therefore, the trial court erred in denying A.S.P.’s motion to suppress. We reverse the adjudication of delinquency and judicial warning for possession of a weapon on school property.
Reversed.
NORTHCUTT, C.J., and LaROSE, J., Concur.

. We note that a school official may search a student based on reasonable suspicion, as articulated in the two-prong test of New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). See T.J. v. State, 538 So.2d 1320, 1321 (Fla. 2d DCA 1989). Here, A.S.P. was not a student at Hillsborough High School. Moreover, Johnsen had no reasonable suspicion that A.S.P. had a weapon.