981 So.2d 667 (2008)
D.K., a Child, by his Father, Thomas A. KENNEDY, Appellants,
v.
DISTRICT SCHOOL BOARD INDIAN RIVER COUNTY, Florida, Appellee.
No. 4D08-105.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Thomas A. Kennedy of Thomas A. Kennedy, P.A., Vero Beach, for appellants.
Usher Larry Brown and Erin J. O'Leary of Brown, Garganese, Weiss & D'Agresta, P.A., Orlando, for appellee.

ON MOTION TO DISMISS
DAMOORGIAN, J.
Appellee, District School Board of Indian River County ("School Board"), seeks dismissal of D.K.'s appeal on the grounds that a suspension order is not permitted to be reviewed under the Florida Administrative Procedure Act (ch. 120, Fla.Stat.). We dismiss D.K.'s appeal of his suspension because this Court has no jurisdiction to review a direct appeal of a School Board's decision that results in suspension.
In October 2007, the principal suspended D.K. for 10 days under the school's "zero weapon tolerance policy" pursuant to Section 1006.13(1)(a), Florida Statutes (2006), and recommended expulsion. The School Board sustained the suspension, but did not expel D.K.D.K. seeks judicial review with this Court of his suspension under the APA.
Under section 1006.07(1)(a), Florida Statutes (2006), hearings that result in expulsion fall within the APA and are entitled to judicial review in the appropriate district court. See Mitchell v. Leon County Sch. Bd., 591 So.2d 1032 (Fla. 1st DCA 1991); Walter v. Sch. Bd. of Indian River County, 518 So.2d 1331 (Fla. 4th DCA 1987). However, suspension hearings are specifically exempted from the protections of the APA. See Fla. Stat. 1006.07(1)(a) *668 and 120.81(1). Therefore, this Court has no jurisdiction to review D.K.s suspension.[1]
D.K. argues that he should be entitled to judicial review because he was subject to an expulsion proceeding. D.K. believes that he was subject to an expulsion proceeding because he potentially faced the punishment of expulsion. However, if we read section 1006.07 to require judicial review where expulsion is a possibility; the legislatures intent to limit the review of suspensions would be circumvented. Consequently, we construe section 1006.07 to permit judicial review of proceedings that result in expulsion and not those where expulsion is a possibility.[2]
Therefore, we grant the School Board's motion to dismiss and dismiss this appeal.
Dismissed.
SHAHOOD, C.J., and POLEN, J., concur.
NOTES
[1] This holding does not bar student who has a constitutional right violated by a suspension from bringing action in the appropriate court. See Scholastic Sys., Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974); Ferrara v. Hendry County Sch. Bd., 362 So.2d 371 (Fla. 2d DCA 1978). In this case, D.K. does not allege that he was not given due process or that another constitutional right has been violated.
[2] The Due Process Clause does not require a student receive judicial review where the punishment is a suspension of ten days or less. See Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975).