# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2379
Lower Tribunal No. 16-784
_____

**J.H., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Angelica Zayas, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before LOGUE, SCALES, and LUCK, JJ.

LUCK, J.

J.H. appeals an order placing him on probation following an adjudicatory hearing in which he was found to have trespassed on school property. J.H.

contends the trial court erred in denying his judgment for dismissal at the close of the evidence because the State failed to prove he had no legitimate business for being at the school.  We affirm.

J.H. was charged for trespassing on the grounds of Ernest R. Graham K-8 Academy, in violation of Florida Statute section 810.097.  § 810.097(1), Fla. Stat. (2015) ("Any person who . . . [d]oes not have a legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property . . . and who enters or remains upon the campus . . . commits a trespass upon the grounds of a school facility . . . .").  To prove this charge, the State had to present sufficient evidence to establish two elements:  (1) J.H. entered or remained on the campus of the school; and (2) J.H. did not have any legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property.  Fla. Std. Jury Instr. (Crim.) 13.5(a).  The second element requires proof "that one entering or remaining on a school campus . . . lack[s] any purpose for being there which is connected with the operation of the school."  A.C. v. State, 538 So. 2d 136, 137 (Fla. 3d DCA 1989).

> The granting of a motion for judgment of dismissal is warranted only if "the evidence is insufficient to establish a prima facie case of guilt against the child."  "The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for judgment of acquittal in a criminal case."  "We review the trial court's disposition of the motion for dismissal under the de novo standard," viewing the evidence "in the light most favorable to the State."  "If, upon reviewing the

2

evidence in a light most favorable to the State, a rational fact-finder could find the elements of the crime proven beyond a reasonable doubt, then the evidence is sufficient to sustain the adjudication of delinquency."

C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008) (citations and alteration omitted), approved, 24 So. 3d 1181 (Fla. 2009).

The school's principal, Maida Alfaro, the sole witness at the adjudicatory hearing, testified that on the second week of the new school year, September 1, 2015, at dismissal time, at about 3 p.m., she saw J.H. wearing a school uniform in the middle school's dismissal area. When she saw J.H., a former student of the school, in an area where only registered students, parents and school staff were allowed, Ms. Alfaro was confused as to whether J.H. had re-registered. Ms. Alfaro had her assistant pull J.H.'s computer school records. The records showed that, although J.H.'s parents had recently requested and been denied a transfer back into the school, J.H. was enrolled at Miami Lakes Middle for that school year, and had an unexcused absence for that day from that school.

Ms. Alfaro further testified that the school's campus is closed and all visitors to the school must follow a set procedure to be admitted on the campus. This procedure required the visitor to show identification to security personnel and go directly to the school's main office to obtain authorization. Ms. Alfaro stated J.H. did not seek or obtain such authorization on the day in question.

3

The principal, in other words, confirmed that J.H. was not a student at the school (even though he was wearing the school's uniform); J.H. was in a non-public area of the school; J.H. was registered at another school but did not attend that day; and J.H. did not check in as a visitor or seek authorization to be there. We conclude that this evidence was sufficient for the trier of fact to find J.H. did not have legitimate business on the campus.

J.H. contends that the principal should have asked J.H. why he was at the school since he may have had a legitimate reason for being on campus. Section 810.097(1) does not require that school personnel ask the trespasser his reasons for being on campus to determine whether he had legitimate business, and we decline the invitation to add such a requirement to the statute. The Florida courts, moreover, have found sufficient evidence to support a violation of section 810.097(1) based on the personal observation of school officials, without having to ask what legitimate reason or authorization the juvenile may have had for being on campus. See M.M. v. State, 187 So. 3d 300, 302 (Fla. 5th DCA 2016) ("Despite instructions from both the dean and the school resource officer that he must remain in the waiting area, M.M. walked outside into an adjacent open-air courtyard (near the back of the school campus), where he was arrested for trespass.").[1] Finally, adding such a requirement would not make sense.

---

[1] See also A.P. v. State, 491 So. 2d 1296 (Fla. 3d DCA 1986) (adopting State v. E.N., 455 So. 2d 636, 637 (Fla. 5th DCA 1984) (holding, as to the predecessor

Suppose, for example, a school security officer reviews video footage from the night before and sees Alice on school property, at 2:00 a.m., spray-painting "School's out for summer. School's out forever" on the school's front door. Would a properly authenticated copy of the video not be sufficient evidence for a trier of fact to find that Alice was trespassing on school property without authorization or legitimate business? Must the school security officer find Alice and inquire whether she had legitimate reason to be at the school when it was closed, at 2:00 a.m., spray-painting the door, before Alice can violate the statute?

Of course not. The surrounding circumstances and observations of the school security officer in that example clearly indicate Alice did not have authorization or legitimate business on campus at that hour doing what she did. So, too, it is here. J.H. was on campus, in the school's uniform, in an area of the school reserved for students, but had been denied enrollment at the school, and was enrolled elsewhere, where he had an unexcused absence that day. J.H. had not checked in as a visitor. The evidence showed he was not there to see a former teacher or inquire about enrolling in an after-school program, as J.H. speculated in

school trespass statute, that "the legislature did not intend that <u>any</u> student of <u>any</u> public school <u>anywhere</u> could enter and remain on the premises of a school in which he or she was not enrolled and otherwise had no legitimate business or authorization. A person who is not a student, officer or employee of a public school; who does not have legitimate business on <u>the</u> campus; or who is not a parent, etc. of a student enrolled at <u>such</u> school, commits a trespass when entering or remaining on the campus or other facility of <u>such</u> school."), <u>decision quashed on other grounds</u>, 484 So. 2d 1210 (Fla. 1986)).

5

his brief, because he would not have been in the Graham Academy uniform, or in an area of the school reserved for students, or he would have followed the procedures for visiting. The surrounding circumstances and personal observations of the principal support the finding that J.H. had no legitimate reason to be on campus.

For these reasons, we affirm the adjudication of delinquency and the order of probation.

Affirmed.