IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

G.F.C., A CHILD,

      Appellant,

 v.                                Case No.  5D16-1923

DR. DEBRA P. PACE, SUPERINTENDENT
OF SCHOOLS,

      Appellee.

_____/

Opinion filed September 7, 2017

Administrative Appeal from
The School Board of Osceola
County.

Andrew C. Hill, and Stephen J. Calvacca, of
NeJame Law, PA, Orlando, for Appellant.

Amy J. Pitsch, Usher L. Brown, Susana
Cristina Garcia, and Victor Kline, of
Greenspoon Marder, Orlando, for Appellee.


PER CURIAM.

      We grant Appellee's motion to dismiss this appeal for the reasons explained below.

      Following investigation and an expulsion hearing, Appellee determined that

Appellant had falsely claimed that one of her teachers touched her inappropriately.

Appellant was given the choice of accepting expulsion or accepting an administrative

transfer from her then-current school to a virtual school with the right to return to her

original school in January 2017. Appellant, with her parents' agreement, chose to accept the administrative transfer. Appellant timely, but improperly, appealed the order imposing her punishment.

"[H]earings that result in expulsion fall within the [Administrative Procedure Act ("APA")] and are entitled to judicial review in the appropriate district court." *D.K. ex rel. Kennedy v. Dist. Sch. Bd. Indian River Cty.*, 981 So. 2d 667, 667 (Fla. 4th DCA 2008) (citing § 1006.07(1)(a), Fla. Stat. (2006)). However, hearings that result in suspension do not fall under the APA, and thus are exempt from its protections. *Id.* Judicial review of proceedings that result in expulsion are permitted under the APA, and "not those where expulsion is a possibility." *Id.* at 668. Appellate courts have "no jurisdiction to review a direct appeal of a School Board's decision that results in suspension." *Id.* at 667.

Because Appellant's punishment for making the false accusation was an administrative transfer, rather than expulsion, the order is not appealable. Appellee's motion to dismiss the appeal for lack of jurisdiction is granted.

APPEAL DISMISSED.


ORFINGER, EVANDER, and EDWARDS, JJ., concur.