PER CURIAM.
L.M., a juvenile, appeals an adjudication for trespass on school grounds ( section 810.097, Florida Statutes (2014) ) and the denial by the trial court of L.M.'s motion for a judgment of dismissal. For the reasons addressed below, we affirm the adjudication and order reviewed.
Facts and Procedural History
On November 20, 2014, L.M. was issued a printed form of "Notice of Suspension" by his Miami-area high school, with typewritten entries in the information fields. The form stated that L.M. was suspended from his school for a period of ten days and "may not return until Pending Parent Conference." The form further indicated that the suspension was a result of "Disruptive Behaviors, Defiance of School Personnel, Rude & Discourteous Repeated profanity constantly & Confrontation w/staff."
The notice was signed by "Principal or Designee"-L.M. refused to sign on the line provided for "Signature of Suspended *228 Student." The completed notice was addressed to "Parent/Guardian" and specified that L.M. should not return to the school campus during the period of suspension. The form warned that "An unauthorized appearance could result in a charge of trespassing." It provided a telephone number for the parent, guardian, or L.M. to call the school for more information, or to arrange a conference regarding the suspension.
The dean of discipline at the high school testified at the adjudicatory hearing that he told L.M. that he could not return to the school grounds until a parent or guardian spoke with the principal. L.M. told him that his mother was out of town. The school tried her phone number but it did not work. L.M.'s mother did not make contact with the school until after L.M.'s arrest (December 3, 2014). A vice principal attempted to call all the numbers in the computer record for L.M.'s parents or guardians, but all of the numbers were non-working. The vice principal asked L.M. to call his guardian to come and pick him up, but L.M. told her that his grandmother did not drive. The vice principal testified that L.M. called someone and told them he was on suspension.
The dean of discipline and other school employees testified that L.M. entered the school cafeteria and classrooms on three separate days, culminating in his arrest for trespass on the last of those days.
L.M.'s grandmother testified that she was a legal guardian for L.M., and that no one had advised her of the suspension before L.M. was arrested for trespass. L.M. himself did not testify. The trial court adjudicated L.M. delinquent of trespassing on school grounds while on suspension. At a subsequent disposition hearing, the court placed L.M. on probation for six months. This appeal followed.
Analysis
"In a juvenile proceeding, we apply a de novo standard of review to a trial court's denial of a motion of dismissal." W.B. v. State, 179 So.3d 411, 412-13 (Fla. 3d DCA 2015). Such a motion tests the legal sufficiency of the State's evidence. Pagan v. State, 830 So.2d 792, 803 (Fla. 2002). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Id.
The elements of the crime of trespass upon grounds or facilities of a school, section 810.097(1)(b), Florida Statutes (2014), are that the person charged is "a student currently under suspension or expulsion," who enters or remains upon the campus or any other facility of a school. The issue raised by L.M. in this case is whether he was "currently under suspension" at the time of the charged trespass.
L.M. argues that his "suspension" never became effective under either: (1) the written "Notice of Suspension" signed by the dean of school discipline as the principal's designee (which L.M. refused to sign and, apparently, take to his grandmother in his mother's absence); or (2) these provisions within section 1006.09(1)(b), Florida Statutes (2014):
The principal or the principal's designee may suspend a student only in accordance with the rules of the district school board. The principal or the principal's designee shall make a good faith effort to immediately inform a student's parent by telephone of a student's suspension and the reasons for the suspension. Each suspension and the reasons for the suspension shall be reported in writing within 24 hours to the student's parent by United States mail. Each suspension and the reasons for the suspension *229 shall also be reported in writing within 24 hours to the district school superintendent. A good faith effort shall be made by the principal or the principal's designee to employ parental assistance or other alternative measures prior to suspension, except in the case of emergency or disruptive conditions which require immediate suspension or in the case of a serious breach of conduct as defined by rules of the district school board.
The criminal trespass statute does not contain its own definition of "suspension," nor does it suggest that the terms of the Florida Education Code[2] are applicable to the criminal trespass provision. Section 1003.01(5)(a) of the Florida Education Code does include a definition of "suspension," but the introduction to the terms defined in section 1003.01 is limiting ("As used in this chapter [chapter 1003]"):
(5)(a) "Suspension," also referred to as out-of-school suspension, means the temporary removal of a student from all classes of instruction on public school grounds and all other school-sponsored activities, except as authorized by the principal or the principal's designee, for a period not to exceed 10 school days and remanding of the student to the custody of the student's parent with specific homework assignments for the student to complete.
The written notice and the principal or designee's statutory notice of suspension are subject to modification or revocation if a parent or guardian requests a conference to discuss the suspension and the principal or designee is persuaded that modification or revocation is appropriate.
Under any reading of these statutes and the Notice of Suspension, however, a principal's directive to a student that the student "has been suspended," followed by the student's departure from the school property that day, may not be intentionally countermanded by the student during the period of the suspension and the school authorities' discussions, or attempts to discuss, the suspension with the student's parents or guardians. See, e.g., M.M. v. State, 187 So.3d 300 (Fla. 5th DCA 2016) (student, a minor, advised that he was suspended and ordered to remain in an office waiting area for his mother to pick him up; minor arrested for trespass for walking outside the office in a courtyard before his mother arrived).
Absent a constitutional violation, a student and his or her parents and guardians have administrative remedies available, as established by the local School Board, to appeal disciplinary actions, including suspension. See D.K. ex rel. Kennedy v. Dist. Sch. Bd. Indian River Cty., 981 So.2d 667 (Fla. 4th DCA 2008). Much as an adult defendant or civil litigant must obey a judicial order while pursuing rehearing, a stay, or an appeal, a student must obey a school principal's directive that the student "has been suspended" and must not return to the school property until the suspension is completed or revoked.
Concluding that L.M.'s motion for a judgment of dismissal was properly denied, we also affirm the trial court's conclusion, after hearing witness testimony and considering the legal arguments presented, that the State proved the trespass beyond a reasonable doubt.
Affirmed.

Chapters 1000 through 1013, Florida Statutes.