# Third District Court of Appeal

## State of Florida

Opinion filed November 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1915
Lower Tribunal No. 20-398A
_____

**X.B., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yery Marrero, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Jacqueline Rae Brandt, Assistant Regional Counsel, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before SCALES, HENDON and LOBREE, JJ.

LOBREE, J.

X.B., a juvenile, appeals an order placing him on probation after an

adjudicatory hearing in which he was found to have trespassed on school grounds when he was a suspended student. X.B. argues that the trial court erred in denying his motion for judgment of dismissal on the basis that the State failed to prove he was suspended at the time of the trespass and that he "willfully" entered or remained on school grounds. Finding no merit to either assertion, we affirm.

X.B. was charged by petition for delinquency with trespassing on the grounds of Horace Mann Middle School "when said [respondent] was a student currently under suspension or expulsion, in violation of s. 810.097(1)." The matter proceeded to an adjudicatory hearing where the trial court heard from the former dean of students at the school, Darren Jones ("Jones"), and Alicia Griffin ("X.B.'s mother"), among others. Jones testified that on February 18, 2020, X.B. was suspended from school for an incident with another student that occurred in the physical education classroom. Jones told X.B. that he was suspended that day and that he was not allowed to return to school.

Jones gave X.B. an exclusionary letter to bring home. An exclusionary letter is used if the school is unable to communicate with the parents, and it states that the child is not allowed to attend school until a parent or guardian comes to school. Jones testified that X.B. came to school the following day,

2

February 19, 2020.  When he returned to the physical education classroom where the incident occurred, X.B. was arrested for trespassing.

After the State rested, X.B. moved for judgment of dismissal, arguing that the State failed to prove a prima facie case because it failed to admit "any physical record that this child was actually suspended."  The trial court denied X.B.'s motion.  X.B.'s mother then testified that X.B. informed her on February 18 that he could not go to school until she met with school officials.  Because she had somewhere to go the following day and did not believe him, X.B.'s mother brought him to school on February 19.  X.B.'s mother further testified that X.B. did not give her the exclusionary letter and she had not received a phone call from the school.  At the close of evidence, X.B. renewed his motion for judgment of dismissal, adding that the State failed to prove beyond a reasonable doubt that X.B. willfully trespassed.

The trial court found X.B. guilty of trespassing on school grounds. Specifically, the trial court found Jones' testimony that he notified X.B. of the suspension credible and that X.B. returned to the school during his suspension. The trial court withheld adjudication and placed X.B. on probation for six months.  This appeal followed.

"The standard of review that applies to a motion for judgment of dismissal in a juvenile case is the same standard that applies to a motion for

3

judgment of acquittal in a criminal case." <u>C.S. v. State</u>, 299 So. 3d 514, 516 (Fla. 3d DCA 2020) (quoting <u>A.P.R. v. State</u>, 894 So. 2d 282, 284 (Fla. 5th DCA 2005)). "Accordingly, '[o]ur review of the denial of a motion for judgment of dismissal is de novo.'" <u>Id.</u> (quoting <u>J.W.J. v. State</u>, 994 So. 2d 1223, 1224 (Fla. 1st DCA 2008)). A motion for judgment of dismissal tests the legal sufficiency of the State's evidence. <u>L.M. v. State</u>, 256 So. 3d 226, 228 (Fla. 3d DCA 2018). "When moving for judgment of dismissal, the movant admits the facts in evidence, as well as every 'conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" <u>I.G. v. State</u>, 245 So. 3d 897, 899 (Fla. 3d DCA 2018) (quoting <u>A.P.R.</u>, 894 So. 2d at 285). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." <u>Pagan v. State</u>, 830 So. 2d 792, 803 (Fla. 2002).

"To overcome a motion for judgment of acquittal, the state must have put forth evidence of each element in each crime." <u>K.S. v. State</u>, 840 So. 2d 1116, 1116 (Fla. 4th DCA 2003). Section 810.097(1), Florida Statutes (2020), provides as follows:

(1) Any person who:

(a) Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or

(b) Is a student currently under suspension or expulsion;

and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a school facility and is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

As alleged in the petition for delinquency, at issue here is the crime of trespass upon the grounds or facilities of a school, when the respondent is a student currently under suspension or expulsion. Thus, the elements of the crime "are that the person charged is [(1)] 'a student currently under suspension or expulsion,' [(2)] who enters or remains upon the campus or any other facility of a school." L.M., 256 So. 3d at 228 (quoting § 810.097(1)(b), Fla. Stat. (2014)).

X.B. argues that the State failed to present sufficient evidence that he was "currently under suspension," an essential element of the charge, because the State did not introduce into evidence the exclusionary letter the school gave him to bring home. This argument is meritless. There is no requirement that the State must introduce the written notice of suspension or exclusionary letter to prove the suspension element of section 810.097(1)(b). Moreover, any argument that in order for a suspension to be effective under section 810.097(1)(b) it must be reported in writing, is

5

foreclosed by this Court's holding in L.M. that "[t]he criminal trespass statute does not contain its own definition of 'suspension,' nor does it suggest that the terms of the Florida Education Code are applicable to the criminal trespass provision." 256 So. 3d at 229 (footnote omitted). Here, Jones' testimony that he advised X.B. that he was suspended constituted competent, substantial evidence to prove the element of suspension. See 256 So. 3d at 229 ("[A] principal's directive to a student that the student 'has been suspended,' followed by the student's departure from the school property that day, may not be intentionally countermanded by the student during the period of the suspension and the school authorities' discussions, or attempts to discuss, the suspension with the student's parents or guardians."). Thus, the trial court did not err in denying X.B.'s motion for dismissal on this basis.

X.B. also argues that the State failed to present sufficient evidence that he willfully trespassed on to the school grounds. Specifically, X.B. argues that he did not "create the situation" because his mother dropped him off at school the day of the trespass. X.B. asserts that because his mother failed in her statutory responsibility to provide "sufficient support, guidance, and supervision to deter" his participation in a juvenile act, as described in section 985.02, Florida Statutes (2020), his return to school was not willful on his

6

part. This argument fails for two reasons. First, section 810.097(1) does not cross-reference section 985.02, which sets forth the legislative intent for chapter 985 concerning Florida's juvenile justice system. See generally, E.A.R. v. State, 4 So. 3d 614, 628-32 (Fla. 2009). X.B. has given us no reason to import the legislative intent for that chapter into a criminal trespass statute.

Second, and more fundamentally, under the plain language of the statute, there is no requirement that the State prove that the student's trespass was intentional. Section 810.097(1) does not state that a person must *willfully* enter or remain to be guilty of trespass. This is in contrast to other criminal trespass statutes that contain an element of intent. See Rozier v. State, 402 So. 2d 539, 542-43 (Fla. 5th DCA 1981) (explaining that "willfully" as used in section 810.08(1), Florida Statutes (1979) "refers to a general intent . . . intentionally, knowingly, and purposely done"); compare § 810.097(1) ("Any person . . . who enters or remains upon the campus . . . commits a trespass upon the grounds of a school facility . . . ."), with § 810.08(1), Fla. Stat. (2020) ("Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance . . . commits the offense of trespass . . . ."), and § 810.09(1)(a), Fla. Stat. (2020) ("A person who, without being authorized, licensed, or invited, willfully enters

7

upon or remains in any property other than a structure or conveyance . . . commits the offense of trespass . . . ."). X.B. has not asserted any argument to construe an element of willfulness into section 810.097(1) contrary to the plain language of the statute. Cf. J.H. v. State, 220 So. 3d 508, 510 (Fla. 3d DCA 2017) (affirming conviction under section 810.097(1) for trespassing without legitimate business for being on campus and rejecting contention that school principal should have inquired with juvenile why he was on campus because "[s]ection 810.097(1) does not require that school personnel ask the trespasser his reasons for being on campus to determine whether he had legitimate business, and we decline the invitation to add such a requirement to the statute").

Finally, X.B.'s reliance on M.C. v. State, 677 So. 2d 1382 (Fla. 3d DCA 1996), and E.W. v. State, 873 So. 2d 485 (Fla. 1st DCA 2004), for the proposition that he had a "legitimate reason to be on campus" by virtue of the fact that his mother brought him there, is misplaced. In M.C., this Court reversed the juvenile's conviction for trespass on school grounds where he was arrested upon his return to school the day after his suspension. Because the juvenile returned to campus pursuant to the school's invitation to have a meeting about his suspension, he was "on school property for legitimate business on campus, defined by this court as 'any purpose for

8

being there which is connected with the operation of the school,'" and therefore did not violate section 228.091(1)(a)(2), Florida Statutes (1995), the predecessor to section 810.097(1)(a). 677 So. 2d at 1383 (quoting A.C. v. State, 538 So. 2d 136, 137 (Fla. 3d DCA 1989)).

Here, there is no dispute that X.B. did not "return[] to the school pursuant to the express invitation of school officials." 677 So. 2d at 1382–83. E.W. also does not help X.B. In E.W., the First District found that the juvenile had a "legitimate business interest on school property" based upon the fact that he was an enrolled student at the school. 873 So. 2d at 487. The court held that the legitimate business interest did not terminate when the juvenile "could not legally comply with the directions of the dean of the school to leave the school's premises" because of his age. Id. at 488. The facts of E.W. do not indicate that the juvenile had entered or remained on campus as a suspended student, but rather, was on campus as an enrolled student and told to "leave the school property," which he could not legally do. Here, any legitimate reason X.B. had to be on school grounds on February 18 was terminated when he was suspended and left campus, and X.B. does not assert that he was unable to comply with the suspension in the absence of violating the law or school policy. In short, we find that under these

9

circumstances, X.B. was not authorized to be on school grounds after his suspension, regardless of who brought him there.

Because the "there was competent, substantial evidence to support the trial court's determination that [X.B.] committed the offense of trespass . . . we must affirm the denial of his motion for judgment of dismissal." A.O.H. v. State, 315 So. 3d 111, 114 (Fla. 3d DCA 2020). Accordingly, we affirm the disposition and order of probation.

Affirmed.